IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMMY CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-14-185-HE |
| | ) |
| REECE LANE and STATE OF OKLAHOMA, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis* brings this hybrid civil rights and habeas corpus action. Plaintiff cites the following jurisdictional bases: 42 U.S.C. § 1983; 28 U.S.C. §§ 2241, 2254, 2255, 651, 636, 1446, 158, 157, 2284, and 631-639. Reece Lane, identified as the administrator of the Payne County jail, and the State of Oklahoma are named as defendants. Though not listed in the caption of the case, Plaintiff also names Tony Osborne, not otherwise identified, as a defendant on the second page of the Amended Complaint (ECF No. 10).

The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the Amended Complaint, ECF No. 10, has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings), and Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254. It is recommended that, to the extent Plaintiff seeks relief under 42 U.S.C. § 1983, the Amended Complaint be **DISMISSED** *sua sponte* without prejudice for failure to state a claim upon which relief may be granted. To the extent that Plaintiff seeks habeas relief, it is recommended that

the action be **DISMISSED** *sua sponte* without prejudice pursuant to the *Younger* abstention doctrine. It is further recommended that claims against the State of Oklahoma be **DISMISSED** with prejudice on the basis of Eleventh Amendment Sovereign Immunity. Finally, it is recommended that Plaintiff's two Motions for Appointment of Counsel, ECF Nos. 5 and 12, be **DISMISSED** as moot.

## GROUNDS FOR DISMISSAL

Pursuant to 28 U.S.C. § 1915A, this Court must review complaints filed in civil actions by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. After conducting the initial review, this Court must dismiss the complaint, or any portion of the complaint, which is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). *See also* 1915(e)(2)(B)(ii) (dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). In determining whether *sua sponte* dismissal is appropriate, the Court applies the same standard of review applied to motions for dismissal brought pursuant to Fed. R. Civ. P. 12(b)(6), and the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Additionally, a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 Fed.Appx. 843, 846 (10th Cir. 2008) (unpublished opinion).

Similarly, Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, requires prompt examination of a habeas petition and requires dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## ANALYSIS

As a preliminary matter, the undersigned notes that the State of Oklahoma is entitled to dismissal on the basis of Eleventh Amendment sovereign immunity. Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court." *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quotations omitted). In the Tenth Circuit, the court can consider the issue of Eleventh Amendment immunity *sua sponte*. *See V-1 Oil Co. v. Utah State Department of Public Safety*, 131 F.3d 1415, 1420 (10th Cir. 1997). The State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. *See* Okla. Stat. tit. 51, § 152.1. Moreover, the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, claims against the State of Oklahoma should be dismissed with prejudice.

Plaintiff asserts grounds for relief sounding in habeas as well as claims based on alleged violation of his civil rights. In Count I, Plaintiff contends that his First, Eighth, Sixth and Fourteenth Amendment rights have been violated by "habeas corpus entrapment, discovery violations, misconduct, exculpatory evidence, Due process, Substantive Due process and prosecution misconduct" (Amended Complaint at 3). These claims appear to sound in habeas, even though Plaintiff's actual grounds for relief are far from clear. This Court is compelled to dismiss these habeas claims under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger v. Harris*, the Supreme Court stated that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings: (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Id.* at 43; *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). Abstention is unnecessary only when the claimant demonstrates "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Younger v. Harris*, 401 U.S. at 54 (recognizing an exception when the claimant shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). The Plaintiff has not alleged any facts suggesting irreparable injury or harassment without hope of a

valid conviction. It is therefore recommended that the grounds for habeas relief in Count I of Plaintiff's Complaint be dismissed without prejudice.

In Count II, Plaintiff complains of inadequate medical care at the Payne County Jail and the lack of a law library. These civil rights claims should be dismissed for failure to state a claim upon which relief may be granted and for failure to demonstrate personal participation on the part of any of the defendants. "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants") and *Coleman v. Turpen*, 697 F.2d 1341, 1346 n. 7 (10th Cir. 1982) (noting defendants cannot be liable under § 1983 unless personally involved in the deprivation)).

Moreover, Plaintiff has stated no facts to suggest that he has been harmed by either the allegedly inadequate medical care or the absence of a law library in the Payne County Jail. Moreover, he has not identified who is responsible for these alleged constitutional violations or explained why the alleged violations are severe enough to rise to the level of a due process violation.

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 Fed. Appx. at 846 (quoting *Robbins*, 519 F.3d at 1247). "Factual

5

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F.3d at 1247. The factual allegations must be sufficient to raise a right to relief "'above the speculative level.'" *Marshall v. Morton*, 421 Fed. Appx. 832, 837 (10th Cir. 2011) (unpublished opinion) (*quoting Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show [n]' — 'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true assertions which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal*, 556 U.S. at 698 (quoting *Twombly*, 550 U.S. at 554–555).

In this case, Plaintiff has failed to allege any facts supporting his contention that his due process rights have been violated. It is therefore recommended that Plaintiff's

due process claims challenging the conditions of his confinement be dismissed without prejudice.

## RECOMMENDATION

It is recommended that Plaintiff's action be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii) and Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Claims brought against the State of Oklahoma should be **DISMISSED** with prejudice on the grounds of Eleventh Amendment Sovereign Immunity. All other claims should be **DISMISSED** without prejudice. Further, it is recommended that Plaintiff's two motions for appointment of counsel be **DISMISSED** as moot. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 3, 2014**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED on** June 16, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE